IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN BISHOP                                                                                          PLAINTIFF

      v.                              Civil No. 08- 2108

KEN SAVAGE, *director of*
*the Fort Smith Transit Department*                                                   DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Allen Bishop (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date. (Doc. 3). On December 30, 2009, Defendant filed his Motion for Summary Judgment, which is the issue now before the Court. (Doc. 13). Plaintiff's response to the Motion for Summary Judgment was filed on January 7, 2010. (Doc. 16). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The following report and recommendation is entered accordingly.

    **I.**    **Background**

In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, the following facts were established in the Plaintiff's Complaint (doc. 1) and Response to Defendant's Motion for Summary Judgment. (Doc. 16).

Plaintiff alleges that on or about September 3, 2008, he was standing along the Midland bus route in Fort Smith, Arkansas. (Doc. 1). Plaintiff states the bus approached, and he signaled the bus by waving his arm back and forth, to which the driver of the bus acknowledged by turning on the "flashers." *Id.* However, the bus did not stop for Plaintiff, but rather drove past Plaintiff to the next block and was stopped at a red traffic light. *Id.* Plaintiff ran the block and caught the bus before the light changed. *Id.* The bus driver, identified by the Plaintiff as Brad, told Plaintiff that Plaintiff should have been at a bus stop. *Id.* Plaintiff responded that the policy of the "Ride Guide" from the City of Fort Smith Transit Department stated that passengers were allowed to flag a bus anywhere along the route. (Doc. 1).

On September 22, 2008, Plaintiff was standing along the Towson route, waiting to catch the bus to work. *Id.* As the bus approached, Plaintiff signaled the bus by waving. *Id.* Apparently the bus stopped for Plaintiff at the place where he hailed the bus. However, when Plaintiff boarded the bus, Brad again told Plaintiff he should have been at a bus stop. *Id.* Again, Plaintiff stated the policy was that a passenger can hail the bus from any safe stopping location along the route. *Id.* Plaintiff was then told that Brad had permission from Brad's supervisor, Sue, to not stop for Plaintiff unless Plaintiff was at a bus stop. (Doc. 1).

On September 25, 2008, Plaintiff was along the Towson route. *Id.* A bus approached and Plaintiff waived his arm to the driver who indicated she saw Plaintiff by signaling her "flashers." *Id.* The driver, who Plaintiff identifies as "Stormy," did not stop for Plaintiff. *Id.*

Plaintiff further asserts the "Ride Guide" states for "Boarding Fixed Routes - Stand at a marked bus stop sign along fixed routes (Rogers, Towson, Midland & Grand) or in a safe stopping location. . .." *Id. See also,* Doc. 1-1 at 2. Plaintiff also states he always signaled the bus from a

"safe" location, which was similar to the locations of the bus stops in regard to blocking a driveway or coming after an intersection. (Doc. 16). Plaintiff was never informed he was in an unsafe location. *Id.* According to Plaintiff, other drivers have picked him along a route, when he signaled the driver from a place other than a bus stop. (Doc. 1).

Finally, Plaintiff states it was his race which caused the driver to pass him by on September 25, 2008. *Id.* Plaintiff states he has "observed passengers of different races than myself being pick up outside a bus stop with no problems [sic]." *Id.* Plaintiff indicates white passengers have been picked up at the same location where he was refused service. (Doc. 16). Plaintiff states the refusal to pick him up on September 25, 2008 cost him a day's salary.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 247; *Celotex*, 477 U.S. at 322.

## III. Discussion

Plaintiff's claims against the Defendant appear to be solely based upon Defendant's official capacity. Where a plaintiff fails to specify in the complaint whether suit proceeds against a government employee in an official or individual capacity, the complaint is assumed to refer solely to official capacity. This rule is derived from Eighth Circuit cases regarding the sovereign immunity of states under the Eleventh Amendment. *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir.

2005); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir.1995). Essentially, Plaintiff's claim is against the Fort Smith Transit Department, and as such, is against the City of Fort Smith.

As a municipality, Defendant can be held liable for the acts of its employees in contravention of the civil rights of individuals, but only upon a showing that a plaintiff's "constitutional rights were violated by an 'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a custom or usage with the force of law.'" *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir.1998) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Municipal liability can stem from a policy officially adopted and promulgated by a municipality. While "municipal liability for violating constitutional rights may arise from a single act of a policy maker, that act must come from one in an authoritative policy making position and represent the official policy of the municipality." *McGautha v. Jackson County, Mo.*, 36 F.3d 53, 56 (8th Cir. 1994) (citations omitted). Accordingly, when considering an official's discretionary acts that are constrained by policies not of that official's making, "those policies, rather than the subordinate's departure from them, are the act of the municipality." *Id.* (emphasis added).

If a plaintiff cannot demonstrate discrimination pursuant to an official policy, then it is incumbent on that plaintiff to produce evidence of a practice so permanent and well-settled it can fairly be labeled an established custom. In other words, the evidence must demonstrate misconduct that is so pervasive among non-policy making employees it is applied with the force of law. *Id.* A plaintiff can show an established custom by presenting evidence indicating the following:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

>   (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
>   (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, i.e., [proof] that the custom was the moving force behind the constitutional violation.

*Ware*, 150 F.3d at 880. (alterations in original) (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990)). While a single act or incident can establish liability pursuant to an official policy, "[l]iability for an unconstitutional custom . . . cannot arise from a single act." *Id.* at 882 (quoting *McGautha*, 36 F.3d at 57).

In this case, Plaintiff has not presented any evidence of an official policy. To the contrary, he indicates in his complaint that the bus drivers themselves were "making up their own rules to suit their own personal agenda" and that the drivers "*should have* honored the established policy." (Doc. 1). It is Plaintiff's contention that the official policy is sound and it is the bus drivers, clearly "non-policymaking employees," who are creating a custom of refusing to stop for African Americans who attempt to signal the bus from a location other than a bus stop, while stopping for individuals of other races who hail the bus in this manner. It is also Plaintiff's contention that not all of the drivers would refuse him service along the route.

Clearly, Plaintiff is proceeding under a theory of an unconstitutional custom. However, it is the law of this circuit that evidence of a single incident of disparate treatment is not enough to demonstrate an established custom to accord municipal liability. *See McGautha*, 36 F.3d at 57; *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991) ("a single deviation from a written, official policy does not prove a conflicting custom or usage"); *Williams-El v. Johnson*, 872 F.2d 224,

230 (8th Cir. 1988), *cert. denied*, 493 U.S. 871 (1989) (one occurrence of improper prison guard hiring contrary to official written policy "does not prove the existence of a" conflicting custom or usage). Plaintiff has only alleged a single incident of not being picked up along the route when signaling the bus – on September 25, 2008.[1] Accordingly, Plaintiff has failed to provide sufficient evidence to establish municipal liability and overcome Defendant's motion for summary judgment.

It is the report of this Court that the record is bereft of sufficient evidence to support a finding that race issues had any effect on Plaintiff's ability to signal the bus from along a fixed route on the Fort Smith Transit. Accordingly, as a matter of law, given the information on the record, no reasonable factfinder could conclude that Plaintiff's treatment was pursuant to any official policy or established custom to treat African-American passengers differently than Caucasian passengers, or passengers of other races, were treated. In the absence of a finding that there was an official policy or established custom of race discrimination, this Court recommends Summary Judgment be granted in favor of Defendant.

### III.  Conclusion

For the reasons stated, I recommend that the Defendant's Motion for Summary Judgment (doc. 13) be **GRANTED in its entirety**.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

---

[1] Plaintiff states the driver did not initially stop for him on September 3, 2008, however, the driver did allow Plaintiff to board when the bus was stopped at a traffic light.

**district court.**

**DATED** this **7th day of July 2010.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE